UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CARMEN CROSS,

                                        Petitioner,

                        v.                                              9:07-CV-1158
                                                                        (GLS/GHL)

SUPERINTENDENT,
WYOMING CORRECTIONAL FACILITY,
                                        Respondent.

_____

APPEARANCES:                            OF COUNSEL:

CARMEN CROSS
05-B-0042
Petitioner, *pro se*
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, NY 14556

HON. ANDREW M. CUOMO                    JENNIFER L. JOHNSON, ESQ.
Office of the Attorney General          Assistant Attorney General
State of New York
Counsel for Respondent
120 Broadway
New York, New York 10271

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION & ORDER[1]

        Petitioner Carmen Cross, *pro se*, is an inmate in the custody of the New York State

Department of Correctional Services.  Petitioner complains of a judgment of conviction rendered on

January 3, 2005, in Madison County Court.  Dkt. No. 1.  The judgment convicted Petitioner, upon

his plea of guilty, of sodomy.  *Id.*  Petitioner was sentenced to serve two consecutive terms of one-

to-three years of imprisonment.  *Id.*

_____

        [1]  This action has been referred to the undersigned by Judge Gary L. Sharpe, United States
District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Northern
District of New York Local Rule 72.3(c).

Petitioner's conviction was affirmed by the Appellate Division, Third Department, and leave to appeal to the Court of Appeals was denied.[2]  *People v. Cross*, 42 A.D.3d 586 (N.Y. App. Div. 2007), *leave denied* 9 N.Y.3d 960 (2007).

Petitioner then commenced the present action.  Dkt. No. 1.  Petitioner raises the following grounds for habeas relief: (1) his sentence was illegal (Petition, ¶12A); (2) the sentence was harsh and excessive (Petition ¶12B); and (3) trial counsel rendered ineffective assistance (Petition ¶12C).

Respondent filed a response, memorandum of law, and state court records.  Dkt. Nos. 10-11. For the reasons which follow, I recommend that the petition be denied.

## I. BACKGROUND

On January 23, 2004, Petitioner was charged, by felony complaint, with engaging in sexual contact with a male, who was fourteen years old, on two separate occasions during August of 1999. Ex. A at 64-65.  Petitioner was forty-two years old at the time of the incident.  *Id.* at 42.  After his arrest, under a negotiated plea agreement, Petitioner waived indictment and agreed to be charged by a Superior Court Information ("SCI") containing two counts of sodomy in the third degree.  *Id.* at 18, 25-27, 31-34, 40-42.  Petitioner pled guilty and waived his right to appeal his conviction and/or sentence.  *Id.* at 9, 41-42, 60.  In exchange, Petitioner was sentenced to two consecutive prison terms of one-to-three years.  *Id.* at 5, 7-9.  In addition, Petitioner's plea resulted in the dismissal of a

---

[2]  Petitioner also moved, *pro se*, to set aside his sentence pursuant to N.Y.C.P.L. § 440.20, claiming that he had been convicted of second degree criminal contempt in violation of his plea agreement and that counsel rendered ineffective assistance because counsel failed to object to this conviction.  Ex. A at 12-16.  The People opposed the motion.  *Id.* at 18-21.  On October 12, 2005, the County Court denied the motion, finding that Petitioner's guilty plea satisfied the pending criminal contempt charge and that it was "unaware of any sentence imposed by any court on [Petitioner] based upon the Criminal Contempt charge."  *Id.* at 22-24; *see also* Ex. A at 10, 21. There is no indication that Petitioner sought to appeal this decision.

pending charge of criminal contempt in the second degree. *Id.* at 10, 21.

## II. DISCUSSION

### A.      Applicable Standard of Review

When reviewing a habeas petition, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c). Relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *DiGuglielmo v. Smith*, 366 F.3d 130, 136-137 (2d Cir. 2004). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim that was adjudicated on the merits in state court proceedings unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *Carey v. Musladin*, 127 S. Ct. 649, 653 (2006); *Campbell v. Burgess*, 367 F. Supp. 2d 376, 380 (W.D.N.Y. 2004).

A decision is adjudicated "on the merits" when it finally resolves the claim, with res judicata effect, based on substantive rather than procedural grounds. *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001). This is so, "even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Id.* at 312. To determine whether a state court has adjudicated a claim "on the merits," a federal habeas court must examine three "clues"[3] to classify the state court decision as either (1) fairly appearing to rest primarily on federal law or to be interwoven with federal law; or (2) fairly appearing to rest primarily on state procedural law. *Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir. 2006). "Absent a clear and express statement of

---

[3] The three "clues" to the basis of a state court's decision are (1) the face of the state court opinion; (2) whether the state court was aware of a procedural bar; and (3) the practice of state courts in similar circumstances. *Jimenez*, 458 F.3d at 145, n. 16.

reliance on a state procedural bar," decisions in the first category are deemed to have been made "on the merits" of the federal claim.  *Id.* at 145.

A decision on the merits is contrary to clearly established federal law when it is either contrary to Supreme Court precedent on a question of law or opposite to a relevant Supreme Court case with materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  A state court unreasonably applies federal law when the state court correctly identifies the governing legal rule in a particular case but applies the rule to the facts in an "objectively unreasonable" manner.  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Although "[s]ome increment of incorrectness beyond error is required" in order to grant a federal habeas application, that increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000) (quotation marks and citation omitted); *see also Hawkins v. Costello*, 460 F.3d 238, 243 (2d Cir. 2006), *cert. denied*, 549 U.S. 1215 (2007).  The state court's determination of a factual issue is presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005), *cert. denied*, 546 U.S. 884 (2005); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

**B.    Effectiveness of Trial Counsel**

Petitioner claims that trial counsel, Neal P. Rose, rendered ineffective assistance when he: (1) failed to file a notice of appeal and advised Petitioner that he could not appeal; and (2) was ignorant of the fact that the Ex Post Facto clause prevented Petitioner from being charged with a particular offense.  Dkt. No. 1 at 6.  Respondent argues that these claims are meritless.  Dkt. No. 11 at 12-19.

The Appellate Division rejected these claims, finding that Petitioner "received an advantageous plea to the extent that it reduced his sentence exposure and, aside from speculation, nothing in the record casts doubt upon his counsel's effectiveness." *Cross*, 42 A.D.3d at 587.  This determination was not contrary to, and did not involve an unreasonable application of, clearly established Supreme Court law.

The Sixth Amendment to the United States Constitution provides that: "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  To establish a violation of this right to the effective assistance of counsel, a habeas petitioner must show both: (1) that counsel's representation fell below an objective standard of reasonableness, measured in the light of prevailing professional norms; and (2) resulting prejudice, that is, a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688-90 (1984); *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("the legal principles that govern claims of ineffective assistance of counsel" were established in *Strickland*.).  There is a strong presumption that counsel's conduct fell within the wide range of reasonable assistance and that counsel's actions constituted sound trial strategy under the circumstances.  *Cuevas v. Henderson*, 801 F.2d 586, 589-90 (2d Cir. 1986).

### 1.   Notice of Appeal

Petitioner argues that trial counsel rendered ineffective assistance when he failed to file a notice of appeal and when he advised Petitioner that he could not appeal.  Dkt. No. 1 at 6. Respondent argues that Petitioner never requested that trial counsel file a notice of appeal and, in any event, Petitioner received appellate review.  Dkt. No. 11 at 13.

An attorney who fails to file a notice of appeal after being instructed to do so is per se ineffective. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). However, absent instruction, it is not unreasonable for counsel to forego such filing. *Id.* ("Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."). *See also Campusano v. U.S.*, 442 F.3d 770 (2d Cir. 2006). Moreover, an attorney is required to consult with his client regarding an appeal only if: (1) a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) the particular defendant reasonably demonstrated to counsel that he was interested in appealing and there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, defendant would have timely appealed. *Galviz Zapata v. U.S.*, 431 F.3d 395, 397 (2d Cir. 2005) (citations omitted).

Here, Petitioner requested permission from the Appellate Division to file a late appeal. Ex. B. In response, at the request of the Appellate Division, Attorney Rose provided an affirmation. Ex. D at 1. He stated that Petitioner never requested that he file a notice of appeal on his behalf. *Id.* He also stated that Petitioner wrote to him in July of 2005. Ex. D. At that time, he "reminded" Petitioner that Petitioner had waived his right to appeal as part of the plea bargain. *Id.* He also stated that he never heard back from Petitioner. *Id.* The Appellate Division granted Petitioner's request, extending the time in which to file his appeal. Ex. F. Thereafter, Petitioner filed an appeal. Ex. A at 1.

First, Attorney Rose's conduct was objectively reasonable. Petitioner waived his right to appeal. Moreover, there is no indication that Petitioner instructed Attorney Rose to file a notice of appeal.

6

Second, Petitioner did not suffer prejudice.  Indeed, while "[a] lawyer who disregards a

defendant's specific instructions to file an appeal acts in a manner that is professionally

unreasonable," no relief is warranted if the "Government can show by clear and convincing

evidence that the defendant actually appealed."  *Garcia v. U.S.*, 278 F.3d 134, 137 (2d Cir. 2002).

Here, the Appellate Division allowed Petitioner to file a late notice of appeal and Petitioner received

appellate review.

In sum, Petitioner has failed to meet either prong of the *Strickland* standard.  Accordingly,

the petition on this ground should be denied.

### 2.    Ex Post Facto Clause

Petitioner summarily alleges that counsel was ineffective "for failing to be aware that the ex

post facto clause to the United States Constitution prevented [Petitioner] from being charged with a

particular offense."  Dkt. No. 1 at 5.  On direct appeal,[4] appellate counsel asserted the following: On

January 23, 2004, Petitioner was charged by felony complaint with one count of sodomy in the third

degree (Penal Law § 130.40) and one count of sodomy in the second degree (Penal Law § 130.45).

Ex. G at 6.  At the time of the incidents in August of 1999, sodomy in the second degree comprised

sexual intercourse between a person over eighteen and a person *under fourteen years of age*.  N.Y.

Penal Law § 130.45 (1999).  However, at that time, the victim was fourteen years old.  *See* Ex. A at

64-65.  Thus, sodomy in the second degree did not apply.[5]  Accordingly, appellate counsel argued

that trial counsel would have advised Petitioner differently regarding his possible sentence if he had

---

[4]  The Court refers to the brief filed on direct appeal because in this Court Petitioner failed to
expand this argument further.

[5]  In 2000, the age of the victim was raised to one who was under fifteen years of age.  N.Y.
Penal Law § 130.45 (2000 amendments).

"properly investigated" the charges contained in the felony complaint and that Petitioner would have pursued a trial instead of pleading guilty.  *Id.*

Respondent argues that Petitioner's argument is meritless.  Dkt. No. 11 at 15.  First, Respondent points out that even though the felony complaint was flawed, Petitioner could not have been prosecuted under the felony complaint because the prosecutor had to secure either an indictment or an SCI as a matter of law.  *Id.* (citing C.P.L. § 1.20(8) (a felony complaint commences a criminal action but cannot serve as a basis for the prosecution thereof)).  Respondent states that the prosecutor secured an SCI, which correctly charged Petitioner under the applicable 1999 law.  *Id.* (citing Ex. A at 28-29).  Respondent further points out that under the plea agreement, Petitioner waived an indictment on the initial charges.  *Id.*; *see* Ex. A at 31-35.

Second, Respondent argues that Petitioner was fully aware of his correct sentence exposure under the applicable law before he pled guilty.  Dkt. No. 11 at 16-17.  Respondent thus argues that no error was made in relation to Petitioner's "actual charges, and no prejudice followed the error made in the initial felony complaint."  *Id.* at 16.

 "The ex post facto prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' "  *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quoting *Cummings v. Missouri*, 4 Wall. 277, 325-326, 18 L.Ed. 356 (1867)).

As pointed out by Respondent, Petitioner's claim ignores that under the plea agreement, Petitioner waived an indictment on the initial charges contained in the felony complaint and instead agreed to be charged by an SCI containing two counts of sodomy in the third degree.  Ex. A at 28-29.  At the time of the offense, sodomy in the third degree provided in relevant part as follows:

8

A person is guilty of sodomy in the third degree when:

Being twenty-one years old or more, he engages in deviate sexual intercourse with a person less than seventeen years old.

Penal Law § 130.40(2) (1999).  Accordingly, the SCI charged Petitioner under the law applicable at the time Petitioner committed the offenses in 1999.

To the extent that appellate counsel argued that trial counsel would have advised Petitioner differently regarding his possible sentence if he had "properly investigated" the charges contained in the felony complaint and that Petitioner would have pursued a trial instead of pleading guilty, these claims are speculative.  Unsubstantiated conclusions, opinions, or speculation cannot serve as a basis for habeas relief.  *See Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (asserting that federal courts should not grant "habeas relief on the basis of little more than speculation with slight support").  In any event, Petitioner waived indictment on the charges contained in the felony complaint.

In sum, Petitioner has failed to meet either prong of the *Strickland* standard.  There is no indication that trial counsel's conduct in this regard was objectively unreasonable.  Moreover, Petitioner suffered no prejudice because he waived indictment on the initial charges contained in the felony complaint.  Accordingly, the petition on this ground should be denied.

## C.    Exhaustion

Respondent argues that Petitioner's remaining claims that his sentence was illegal and that his sentence was harsh and excessive, are unexhausted.  Dkt. No. 11 at 19-22.  Respondent states that these claims were presented to the state court solely in terms of state law.  *Id.* at 9.

An application for a writ of habeas corpus may not be granted until the prisoner has

exhausted all remedies available in state court unless there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" any constitutional claims to the highest state court in the same factual and legal context in which it appears in the habeas petition. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

"To establish that a federal claim was raised in state court, a petitioner must, in the state courts, (1) have relied on federal case law employing federal constitutional analysis; (2) relied on factually similar state cases employing federal constitutional analysis; (3) asserted the claim 'in terms so particular as to call to mind a specific right protected by the Constitution'; or (4) alleged a set of facts well within ordinary constitutional litigation." *Stone v. Stinson*, 121 F. Supp. 2d 226, 236 (W.D.N.Y. 2000)(citing *Daye*, 696 F.2d at 194). The requirement that the state court have been given a reasonable opportunity to pass on the federal habeas claim is satisfied if the legal basis of the claim made in state court was the "substantial equivalent" of that of the habeas claim. *Picard*, 404 U.S. at 278. However, where no real avenue remains by which the claim could be raised, a claim is deemed exhausted. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994), *cert. denied*, 514 U.S. 1054 (1995).

On direct appeal, appellate counsel argued that Petitioner's sentence was illegal and that the sentence was harsh and excessive. Ex. G. Appellate counsel placed no reliance on federal case law

nor on factually similar state cases.  *Id.* at 2-5.  Moreover, he made no assertion of the claims "in terms so particular as to call to mind a specific right protected by the Constitution;" nor did he allege a set of facts well within ordinary constitutional litigation.  *Id.*  Thus, Petitioner has not fairly presented his current arguments to the state courts.

However, there is no longer a state court in which Petitioner can raise his current arguments. He cannot present the arguments to the Court of Appeals in the future because he is entitled to only one leave application.  Moreover, raising these arguments in a C.P.L. § 440.10 motion would be futile because Petitioner failed to raise these arguments on direct appeal.  C.P.L. § 440.10(2)(c) bars collateral proceedings when a criminal defendant has failed to raise the grounds on direct appeal. Thus, since no remaining avenue exists in which Petitioner could raise these claims, they are deemed exhausted but procedurally defaulted.  *Coleman v. United States*, 501 U.S. 722, 732 (1991); *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001); *Spence v. Superintendent, Great Meadow Corr. Fac.*, 219 F.3d 162, 170 (2d Cir. 2000).

This Court may review these claims only if Petitioner demonstrates cause for the default and resulting prejudice, or that the failure of the federal court to review the claim will result in a "fundamental miscarriage of justice" *i.e.*, that he is innocent.  *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Coleman*, 501 U.S. at 748-750.  To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule.  *Coleman*, 501 U.S. at 753; *Restrepo v. Kelly*, 178 F.3d 634, 638-39 (2d Cir. 1999).  When a petitioner has failed to establish adequate cause for his procedural default, the court need not determine whether he suffered prejudice, since federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and

prejudice are demonstrated.  *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

Petitioner fails to show that some objective external factor impeded his ability to comply with the relevant procedural rule.  Thus, Petitioner has not established cause for the default. Petitioner also fails to show that a fundamental miscarriage of justice will result from no federal review of the claims.  Accordingly, Petitioner's claims should be denied.

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED** and **DISMISSED**.  Furthermore, I find that Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.");  *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied*, 531 U.S. 873.  Therefore, I recommend that no certificate of appealability issue with respect to any of Petitioner's claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: November 3, 2010
     Syracuse, New York

George H. Lowe
United States Magistrate Judge