**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

═══════════════════════════════════════

**CARMEN CROSS,**

                          **Petitioner,**

                                                          **9:07-CV-1158**
                    **v.**                                **(GLS/GHL)**

**SUPERINTENDENT, Wyoming**
**Correctional Facility**

                          **Respondent.**

═══════════════════════════════════════

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**

CARMEN CROSS
05-B-0042
Last Known Addresses:
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, New York 14556

**FOR THE RESPONDENT:**

HON. ANDREW M. CUOMO,            JENNIFER L. JOHNSON
Attorney General for the          Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271

**Gary L. Sharpe**
**United States District Judge**

## DECISION AND ORDER

The court cannot locate *pro se* petitioner, Carmen Cross. Accordingly, it considers *sua sponte* Cross' noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On October 31, 2007, Carmen Cross filed a petition for a writ of *habeas corpus. See Dkt. No. 1.* On December 4, 2007 an order was issued directing the petitioner to submit the $5.00 filing fee within (30) thirty days of the order. Upon compliance, the petitioner's *in forma pauperis* application would be granted. At that time, he was advised of his obligation to adhere to the Federal and Local Rules even though he was a *pro se* litigant. *See Dkt. No.* 3. The petitioner paid the $5.00 filing fee on January 2, 2008. *See January 2, 2008 Filing fee entry.* However, the petitioner has not complied with the portion of this order in regards to promptly notifying the Clerk's Office and counsel of any change in his address. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See

2

http://www.nynd.uscourts.gov.  In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.**  The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action.  The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court.  *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On November 3, 2010, the Clerk of the Court sent a copy of Judge Lowe's Report-Recommendation and Order.  *See Dkt. No.* 13.  Cross' copy of the Report-Recommendation and Order was mailed to his last known address, but was marked return to sender - petitioner was released

3

to parole on July 23, 2010.  *See Dkt. No.* 14.

On December 8, 2010, the Court issued an order directing Cross to notify the court within fourteen days of his current address and/or verify that his mailing address as listed in the caption of this order.  *See Dkt. No.* 15.  The court warned Cross that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). A copy of the order was sent to both last known address of the petitioner. On December 22, 2010, Cross' copy of the order was marked return to sender - Released, unable to forward.  See Dkt. No. 16.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141,1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in

4

writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1

(N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions

when litigants have failed to abide by either the Local Rules or orders

related to address changes, and have subsequently failed to prosecute

their actions.  *See Williams v. Faulkner*, 95cv741, 1998 WL 278288

(N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*,

177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Cross' failure to provide this court with a change of  address

warrants dismissal.  Rule 41(b) of the Federal Rules of Civil Procedure

allows a court to dismiss an action for failure to prosecute.

The above-captioned matter comes to this court following a Report-

Recommendation by Magistrate Judge George H. Lowe, duly filed

November 3, 2010.   Following ten days from the service thereof, the Clerk

has sent the file, including any and all objections filed by the parties

herein.

No objections having been filed, and the court having reviewed the

Magistrate Judge's Report-Recommendation for clear error, it is hereby

5

**ORDERED**, that the Report-Recommendation of Magistrate Judge George H. Lowe filed November 3, 2010 (Dkt. No. 13) is ACCEPTED in its entirety for the reasons state therein, and it is further

**ORDERED** that Cross' petition is **DENIED** and **DISMISSED** for the reasons articulated in the Report-Recommendation and Order and for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's December 8, 2010 order, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the addresses listed in the caption; and it is further

**ORDERED** that the Clerk serve petitioner at his last known address.

**SO ORDERED.**

**Dated:      December 23, 2010**
**             Albany, New York**

Gary L. Sharpe
U.S. District Judge

6